# IN THE COURT OF APPEALS OF IOWA

No. 18-0926
Filed March 6, 2019

**JIANNING WANG,**
    Plaintiff-Appellant,

**vs.**

**AMANDA SUE BAUMGARTNER,**
    Defendant-Appellee.
_____

Appeal from the Iowa District Court for Linn County, Sean McPartland and

Denver D. Dillard, Judges.

Jianning Wang appeals the dismissal of his civil petition. **AFFIRMED.**

Jianning (Roy) Wang, Marion, pro se appellant.

Karla J. Shea of Swisher & Cohrt, P.L.C., Waterloo, for appellee.

Considered by Doyle, P.J., and Mullins and McDonald, JJ.

**MULLINS, Judge.**

Jianning Wang appeals the dismissal of his civil action against Amanda Baumgartner.[1] Wang filed his petition on January 12, 2018. Three days later, Wang filed a "certificate of service" stating a copy of the petition and original notice had been "mailed to" Baumgartner "using USPS." The materials attached to the certificate show one of the mailings was sent to Baumgartner at an address in Cedar Rapids, while the three remaining mailings were sent to Baumgartner's liability-insurance carrier.

On April 16, the district court entered an order noting Wang's certificate of service was insufficient to show Wang complied with the personal-service requirements of the Iowa Rules of Civil Procedure and directing Wang to file proof of appropriate service by May 8 or face dismissal of his petition. On April 29, Wang filed a "proof of service" reiterating he, on January 15, mailed the original notice and petition to Baumgartner and adding, on April 28, the "USPS office" confirmed the mailings "had been properly and timely delivered." Wang provided copies of "USPS tracking" printouts, which merely indicated the mailings had been "Delivered" to the listed addresses. On May 9, the district court dismissed Wang's petition without prejudice, again stating mere mailing of the original notice and petition was not in compliance with personal-service requirements. Wang filed an "objection and request for clarification and justification." The court clarified Wang

---

[1] Wang's petition also listed Baumgartner's liability-insurance carrier as a defendant. The district court granted the insurance company's motion to dismiss for failure to state a claim upon which any relief may be granted. Wang did not appeal the dismissal of his claims as to the insurance company.

failed to comply with the service requirements of rule 1.305 and no alternative forms of service were permitted by court order. Wang appeals.

In his appellate brief, Wang first appears to question this court whether Baumgartner's alleged actions in evading service of process is legal and whether the court can dismiss a civil action when a defendant evades service. Any answer on our part would amount to an advisory opinion, which we have neither a duty nor authority to render. *See Hartford-Carlisle Sav. Bank v. Shivers*, 566 N.W.2d 877, 884 (Iowa 1997).

Next, Wang challenges the district court's reasoning for dismissing his petition—failure to comply with the service requirements of the Iowa Rules of Civil Procedure. Iowa Rule of Civil Procedure 1.302(3), in relevant part, provides:

> An original notice shall be served with a copy of the petition. The plaintiff is responsible for service of an original notice and petition within the time allowed under rule 1.302(5) and shall furnish the person effecting service with the necessary copies of the original notice and petition.

Rule 1.302(5) provides:

> If service of the original notice is not made upon the defendant, respondent, or other party to be served within 90 days after filing the petition, the court, upon motion or its own initiative after notice to the party filing the petition, shall dismiss the action without prejudice as to that defendant, respondent, or other party to be served or direct an alternate time or manner of service. If the party filing the papers shows good cause for the failure of service, the court shall extend the time for service for an appropriate period.

Personal service is made "by delivering a copy to the proper person" and may be effectuated upon a competent individual who has attained the age of majority as follows:

> [E]ither by taking the individual's signed, dated acknowledgment of service endorsed on the notice, or by serving the individual

personally; or by serving, at the individual's dwelling house or usual place of abode, any person residing therein who is at least 18 years old, but if such place is a rooming house, hotel, club or apartment building, a copy may be delivered to such person who resides with the individual or is either a member of the individual's family or the manager or proprietor of such place; or upon the individual's spouse at a place other than the individual's dwelling house or usual place of abode if probable cause exists to believe that the spouse lives at the individual's dwelling house or usual place of abode.

Iowa R. Civ. P. 1.305(1). If such service cannot be made, a "defendant may be served as provided by court order, consistent with due process of law." Iowa R. Civ. P. 1.305(14); *accord* Iowa R. Civ. P. 1.306. Absent a court order, mailing a copy of an original notice is only adequate notice if required or permitted by a rule or statute. Iowa R. Civ. P. 1.302(4) ("[A] party or party's agent or attorney . . . may mail a copy of the original notice when mailing is required or permitted under any rule or statute.").

In Wang's January 15 "certificate of service," he merely stated the petition and original notice had been "mailed" to Baumgartner. There was no indication in the certificate or the attached materials that the mailings were personally served upon Baumgartner or otherwise delivered under the terms of Rule 1.305(1). Consequently, on April 16, the court advised Wang his certificate of service was inadequate and directed him to file an appropriate proof of service or face dismissal. *See* Iowa R. Civ. P. 1.302(5). In Wang's subsequent "proof of service" filing, he reasserted he had mailed the materials and stated the "USPS office" confirmed the mailings "had been properly and timely delivered." The attached materials show one of the mailings was sent to Baumgartner at an address in Cedar Rapids, while the three remaining mailings were sent to Baumgartner's liability-insurance carrier. The three mailings sent to the insurance company

clearly do not comply with 1.305(1) as to personal service on Baumgartner. The USPS tracking receipt as to the mailing sent to Baumgartner in Cedar Rapids simply confirmed the mailing was "Delivered." There was no assurance the address was Baumgartner's "dwelling house or usual place of abode," or that it was actually received by Baumgartner or another suitable person, depending on the circumstances. *See* Iowa R. Civ. P. 1.305(1).

The record only shows the petition and original notice were delivered to an address potentially associated with Baumgartner. The record does not show that Baumgartner or another suitable person under rule 1.305(1) actually received the mailing, as there was no return of service from the deliverer. *See generally* Iowa R. Civ. P. 1.308. Mail delivery does not equate with the personal-service requirement, absent specific authorization by a rule or statute. *See* Iowa R. Civ. P. 1.302(4). Additionally, the court did not authorize an alternative method of service. *See* Iowa Rs. Civ. P. 1.305(14), .306; *see also* Iowa R. Civ. P. 1.310. Finally, Wang did not attempt to establish good cause for his failure or request an extension of the time for service. *See* Iowa R. Civ. P. 1.302(5).

Upon our review of the record we agree with the district court that Wang failed to show compliance with the personal-service requirements of the Iowa Rules of Civil Procedure. Contrary to Wang's other arguments, because he did not complete personal service, Baumgartner was not required to file an answer. *See* Iowa R. Civ. P. 1.303(1). We affirm the district court's dismissal of Wang's petition, without prejudice.

**AFFIRMED.**